**UNITED STATES of America, Appellee,**

v.

**Silas Cedric HIGH ELK, Jr., Appellant.**

**No. 89–5512.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 21, 1990.

Decided May 2, 1990.

Jean M. Cine, Rapid City, S.D., for appellant.

Diana Ryan, Rapid City, S.D., for appellee.

Before LAY, Chief Judge,
McMILLIAN and WOLLMAN, Circuit Judges.

PER CURIAM.

On February 28, 1989, Silas Cedric High Elk, Jr. struck and killed Gladys LeBeau

while operating a motor vehicle on South Dakota Highway 63, which runs through the Cheyenne River Indian reservation. High Elk was charged with involuntary manslaughter under 18 U.S.C. § 1153 (1988), the Indian Major Crimes Act[1]. High Elk moved to dismiss the indictment for lack of jurisdiction, arguing that exclusive jurisdiction over highways in Indian land was assumed by South Dakota under Public Law 280, which allowed states to assume jurisdiction over Indian land within their boundaries, *see* Act of Aug. 15, 1953, ch. 505, 67 Stat. 588, *codified in part at* 18 U.S.C. § 1162, 25 U.S.C. §§ 1321–22 (1988); *see also* S.D. Codified Laws Ann. § 1–1–18 (1985). High Elk argued that since Public Law 280 repealed the Major Crimes Act with respect to the six states that automatically received jurisdiction over Indians[2], the Major Crimes Act was also repealed in those states that voluntarily assumed jurisdiction under Public Law 280, such as South Dakota. Except in the mandatory states, we know of no authority which holds that federal courts lack jurisdiction under the Major Crimes Act in those states that have assumed jurisdiction under Public Law 280.

The district court[3] denied High Elk's motion, ruling that the Major Crimes Act was repealed only in those specific states identified in Public Law 280. 715 F.Supp. 285. We affirm the district court.[4]

---

1. "Any Indian who commits against the person * * * of another Indian * * * manslaughter * * * within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153.

2. The states that automatically received jurisdiction (known as the mandatory states) were: Alaska, California, Minnesota, Nebraska, Oregon, and Wisconsin. *See* 18 U.S.C. § 1162(a). The federal government's Major Crimes Act jurisdiction was repealed with respect to these states: "The provisions of section[ ] * * * 1153

of this chapter shall not be applicable within the areas of Indian country listed in subsection (a) of this section as areas over which the several States have exclusive jurisdiction." 18 U.S.C. § 1162.

3. The Honorable Richard Battey, United States District Judge for the District of South Dakota.

4. The district court's decision is further supported by our recent decision in *Rosebud Sioux Tribe v. South Dakota*, 900 F.2d 1164 (8th Cir. 1990), which held that South Dakota has not obtained Public Law 280 jurisdiction over Indians within the state.